Robert A. Scher (RS 2910)
Dana C. Rundlof (DR 1431)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
(212) 682-7474

Anita M. Sorensen
FOLEY & LARDNER LLP
150 East Gilman Street
Madison, WI 53703
(608) 258-4253

Attorneys for Defendant



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SALTA INTERNATIONAL, INC.,

        Plaintiff,

    v.

LANDS END, INC.,

        Defendant.

Judge Berman

08 Civil Action No. 2973

---

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1446, Defendant Lands' End,

Inc. removes this action from the Supreme Court of the State of New York, New York County,

to the United States District Court for the Southern District of New York.

The grounds for removal are:

1. Plaintiff Salta International, Inc. ("Salta") commenced this action against the

Defendant by filing a complaint in the Supreme Court of the State of New York, New York

County, Index No. 600458-08, on February 12, 2008. As stated in the complaint, Salta is a

corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 68 White Street, 2nd Floor, Red Bank, New Jersey 07701 (Complaint ¶ 1). Salta does not conduct business in the State of New York (Complaint ¶ 2). Upon information and belief, Salta is a citizen of the State of New Jersey and no other state.

2.    Defendant Lands' End is a Delaware corporation with its principal place of business located at 1 Lands' End Lane, Dodgeville, Wisconsin 53595. Lands' End is a citizen of the States of Wisconsin and Delaware and no other state.

3.    Defendant first received a copy of the summons and complaint on Friday, February 22, 2008.

4.    Thirty (30) days have not yet expired since this action became removable to this Court.

5.    The complaint demands "the sum of $78,571.62" and other amount "to be determined at the trial of this action" (Complaint, Prayer for Relief, pgs. 4-5).

6.    The amount in controversy alleged in this action, exclusive of interest and costs, exceeds the sum or value of $75,000. Plaintiff and Defendant are citizens of different states. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this action.

7.    A true and correct copy of the summons and complaint are attached to this Notice as Exhibit A. No other process, order, or other pleading in this action has been received to date by Defendant.

8.    Pursuant to 28 U.S.C. § 1446, promptly after the filing of this Notice of Removal, a copy of this Notice will be filed with the Clerk of the Supreme Court of New York, County of New York, and written notice of the filing of this Notice will be given to Plaintiff.

2

9.  Pursuant to 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure, I certify that I have read this Notice of Removal and that, to the best of my knowledge, information and belief formed after reasonable inquiry, it is well grounded in fact and warranted by existing law.

WHEREFORE, Defendant respectfully requests that this action, now pending in the Supreme Court of New York, County of New York, be removed to this Court.

Dated this 21st day of March, 2008.

FOLEY & LARDNER LLP

*Robert A. Scher*

Robert A. Scher (RS 2910)
Dana C. Rundlof (DR 1431)
90 Park Avenue
New York, New York 10016
(212) 682-7474
(212) 687-2329 (Facsimile)
rscher@foley.com
drundlof@foley.com

Anita M. Sorensen
150 East Gilman Street
Madison, WI 53703
(608) 258-4253
(608) 258-4258 (Facsimile)
asorensen@foley.com

Attorneys for Defendant

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------x
SALTA INTERNATIONAL, INC.,                                    :
                                                              : Index No.    _660458/08_
                                                              :
                                 Plaintiff,                   :
                                                              : **SUMMONS**
              - against -                                     :
                                                              : Plaintiff designates New York
LANDS END, INC.,                                              : County as the place of trial
                                 Defendant.                   :
                                                              :
                                                              :
-------------------------------------------------------------------------x

To the above named Defendant:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve
a copy of your answer or, if the complaint is not served with this summons, to serve a notice of
appearance, on the plaintiff's attorney(s) within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: New York, New York
      February _12_ 2008

                                  SNOW BECKER KRAUSS P.C.

                              By: _____
                                  Michael H. Du Boff
                                  Attorneys for Plaintiff
                                  605 Third Avenue
                                  New York, New York 10158
                                  (212) 687-3860

TO:
Lands End, Inc.
1 Lands End Drive
Dodgeville, WI 53595
S:\MHD\Salta.Gerri Melascaglia\Legal\Summons.doc

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
SALTA INTERNATIONAL, INC.,                                  :
                                                            :
                                                            :
                                         Plaintiff,         : Index No.
                                                            :
           - against -                                      :
                                                            : **COMPLAINT**
LANDS END, INC.,                                            :
                                         Defendant.         :
                                                            :
-----------------------------------------------------------------------x

     Plaintiff, Salta International, Inc. ("Salta"), by its attorneys, Snow Becker Krauss P.C. as and for its Complaint respectfully alleges:

**THE PARTIES**

1.    Plaintiff is a small family-owned clothing manufacturer organized and existing under the laws of New Jersey since 2004 with its principal place of business is located at 68 White Street, 2nd Floor, Red Bank, New Jersey 07701.

2.    Plaintiff does not conduct business in the State of New York.

3.    Upon information and belief, Defendant Lands End, Inc. ("Lands End") is either a domestic corporation or a foreign corporation duly authorized to do business in the City, County and State of New York with its principal place of catalogue business at 1 Lands End Drive, Dodgeville, WI 53595.

4.    Defendant Lands End regularly conducts business in the City, County and State of New York.

1

## ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

5.    Prior to June, 2006 Salta was a supplier of childrens wearing apparel direct to customer catalogue and e-commerce division Lands End.

6.    From time to time Lands End sent Salta purchase orders for garments that it sold in its catalogue, e-commerce sites and retail outlets which were accepted by Salta.

7.    Pursuant to that arrangement, Salta provided apparel to Lands End at agreed upon prices.

8.    Based upon Lands End purchase orders, between June 9, 2006 and March 23, 2007 Salta provided garments to Lands End having an agreed cost and reasonable value of $78,571.62.

9.    Despite the fact that the terms of sale of the services were net thirty (30) days, Lands End failed and refused to pay for such garments.

10.    By reason of the foregoing there is due and owing from Lands End to Salta the sum of $78,571.62 plus interest thereon from the due date of each invoice.

11.    By check number 877352 dated March 7, 2007 Lands End made a payment on account of its indebtedness to Salta in the sum of $51,904.55.

12.    Without any prior warning or explanation, Lands End stopped payment on the $51,904.55 check.

13.    Despite the fact that the invoices were never disputed nor objected to by Lands End, no further payment has been made on account of the $78,571.62 indebtedness to Salta.

### AS AND FOR A FIRST CAUSE OF ACTION

14.    Plaintiff Salta repeats and realleges the allegations contained in paragraphs 1-13 as if set forth herein in their entirety.

15.    Lands End has failed and refused to pay the $78,571.62 due and owing to Salta despite demand.

2

16.    As a result of the foregoing, there is due and owing from Lands End to Salta the sum of $78,571.62 plus interest thereon from the due date of each invoice.

## AS AND FOR A SECOND CAUSE OF ACTION

17.    Plaintiff Salta repeats and realleges the allegations contained in paragraphs 1-16 as if set forth herein in their entirety.

18.    Salta and Lands End are merchants as defined by the Uniform Commercial Code.

19.    Salta sent invoices and regularly sent statements to Lands End for the unpaid invoices of $78,571.62.

20.    Lands End has not disputed or objected to any of the charges nor the amount due.

21.    By reason of the foregoing, there is due and owing from Lands End to Salta the sum of $78,571.62 as an account stated.

## AS AND FOR A THIRD CAUSE OF ACTION

22.    Plaintiff Salta repeats and realleges the allegations contained in paragraphs 1-21 as if set forth herein in their entirety.

23.    The fair and reasonable value of the garments provided by Salta to Lands End is $78,571.62 .

24.    Lands End has failed and refused to pay Salta the fair and reasonable value of the garments Salta supplied to it.

25.    By reason of the foregoing, Lands End is indebted to Salta in the sum of $78,571.62.

## AS AND FOR A FOURTH CAUSE OF ACTION

26.    Plaintiff Salta repeats and realleges the allegations contained in paragraphs 1-25 as if set forth herein in their entirety.

3

27.    Lands End has received the benefit of and upon information and belief has resold the garments provided by Salta having agreed price and reasonable value of $78,571.62.

28.    By reason of the foregoing, Lands End has been unjustly enriched in the sum of $78,571.62.

## AS AND FOR A FIFTH CAUSE OF ACTION

29.    Plaintiff Salta repeats and realleges the allegations contained in paragraphs 1-28 as if set forth herein in their entirety.

30.    Lands End refusal to make payment for the merchandise received from Salta and its stopping payment on the check tendered on account of its indebtedness to Salta was willful.

31.    Lands End conduct was designed to and adversely affect Saltas business because the unpaid indebtedness was needed for the continued operations of Salta.

32.    As a result of Lands End improper withholding of payments due to Salta, Salta has not been able to fund its operations at its previous level and has lost significant business and sources of supply.

33.    As a result of Lands End improper withholding the payment, Salta business has been damaged through loss of profits, loss of business reputation, as well as the adverse credit ratings resulting from Lands End non-payment.

34.    By reason of the foregoing, Salta has been damaged in an amount to be determined at the trial of this action.

WHEREFORE, Plaintiff Salta International, Inc. demands judgment against Lands End, Inc. as follows:

a.    On the First Cause of Action, in the sum of $78,571.62;

4

      b.     On the Second Cause of Action, in the sum of $78,571.62;

      c.     On the Third Cause of Action, in the sum of $78,571.62;

      d.     On the Fourth Cause of Action, in the sum of $78,571.62;

      e.     On the Fifth Cause of Action, in an amount to be determined at the trial of

this action;

      f.     All together with interest thereon from the due date from each invoice;

      g.     Together with attorneys fees, disbursements and court costs of this action;

and

      h.     Such other and further relief as this Court deems proper.

Dated: New York, New York
       February 12, 2008

                SNOW BECKER KRAUSS P.C.

                By:_____
                    Michael H. Du Boff
                    Attorneys for Plaintiff
                    605 Third Avenue
                    New York, New York 10158
                    (212) 687-3860

TO:
Lands End, Inc.
1 Lands End Drive
Dodgeville, WI 53595

S:\MHD\Salta.Gerri Melascaglia\Legal\Complaint.doc