# SNOW BECKER KRAUSS P.C.

| | ATTORNEYS AT LAW | |
|---|---|---|
| JACK BECKER | | MARC J. LUXEMBURG |
| MARK S. BORTEN | 605 THIRD AVENUE | BRAD S. MAISTROW |
| KENNETH E. CITRON | | RALPH K. SMITH |
| EDWARD M. CUDDY, III | NEW YORK, N.Y. 10158-0125 | MICHAEL WEXELBAUM |
| MICHAEL H. DU BOFF | | DEREK WOLMAN |
| DAVID R. FISHKIN | (212) 687-3860 | |
| PAUL GOTTLIEB | | FRANCIS V. IMBORNONE |
| RONALD S. HERZOG | TELECOPIER | (1987-2002) |
| ERIC HONICK | (212) 949-7052 | HAROLD L. LUXEMBURG |
| MARK A. KANIAN | Writer's Direct Telephone #: (212) 455-0322 | (1987-1990) |
| HARVEY KRAUSS | Writer's Direct Fax #: (212) 455-0455 | JAMES N. BLAIR |
| PAUL C. KURLAND | | HOWARD KARASIK |
| | | RICHARD REICHLER |
| | | CHARLES SNOW |

March 31, 2008

**Filed Electronically and Regular Mail**
Hon. Richard M. Berman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Salta International, Inc. v Lands End, Inc.
    08 Civ. 2973 (RMB)

Dear Judge Berman:

[Handwritten endorsement:] We can discuss @ 4/21/08 conference. That will give you all plenty of time to conclude discovery on this issue.

SO ORDERED:
Date: 4/1/08   Richard M. Berman
Richard M. Berman, U.S.D.J.

We represent Salta International, Inc., the Plaintiff in the above-captioned matter. This letter is submitted in reply to the March 26, 2008 letter from Robert A. Scher, Esq. and the March 27, 2008 Order of the Court. It must be initially observed that because the quoted paragraph provides for jurisdiction in the Federal Court, the only issue is venue.

The quoted paragraph is contained in the Miscellaneous Section on Page 8 of an undated nine-page publication which, although providing for signatures by Lands End and plaintiff, is not signed by either Party. A copy of the signature page is attached.

This publication was not supplied in connection with the purchase orders at issue in this action. It was supplied to Plaintiff when it was initially set up as a vendor several years prior to the orders in question. Furthermore, it is Lands End's ignoring of Section 5 of the publication, TERMS AND PAYMENT, that has necessitated this action.

Therefore, the venue issue is at most an issue of fact that cannot be resolve until discovery is had in this action. We respectfully request that a determination of venue be deferred until discovery has been completed.

Respectfully submitted,

Michael H. DuBoff

MHD/bgl
cc: Robert A. Scher, Esq. (Via Email and Regular Mail)

DATE FILED: 4/1/08

    4.    Each party to this Agreement hereby irrevocably waives any and all right to trial by jury in any legal proceedings.

F.    This Agreement constitutes the entire understanding between Seller and Lands' End with respect to the goods and services to be furnished under any Order, and shall supersede all previous negotiations, commitments and writings. This Agreement may not be amended, augmented, supplemented, or superceded except by a written instrument signed by an officer of Lands' End.

Seller                                               Lands' End, Inc.

By: _____      By: _____

Name: _____      Name: _____

Title: _____      Title: _____

Merchandise Contact Person_____(please print) (The name given as the Merchandising Contact will be the designated person to receive the Lands' End Orders through EDI.)